United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYMANTEC CORPORATION,

    Plaintiff,

    v.

M-PLUS INTERNATIONAL TECHNOLOGY, INC., a California Corporation, et al.,

    Defendants.

_____/

No. C 06-7868 PJH

**ORDER GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART**

Plaintiff's motion for summary judgment or in the alternative, for summary adjudication, came on for hearing before this court on November 28, 2007. Plaintiff Symantec Corporation ("plaintiff"), appeared through its counsel, Henry H. Gonzalez. Defendants M-Plus International Technology, Inc., Microplus International Tech., M-Plus Group, Austin International Express, and Simon P. Yu (collectively "defendants"), appeared through their counsel, Andrew K. Jacobson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES summary judgment in part and GRANTS summary judgment in part, for the reasons stated at the hearing, and summarized as follows.

    1.    Summary judgment is GRANTED with respect to plaintiffs' first, second, and third claims for relief, as defendants have conceded liability for (1) trademark infringement pursuant to 15 U.S.C. § 1051 et seq.; (2) false designation of origin in violation of the Lanham Act § 43(a); and (3) copyright infringement pursuant to 17 U.S.C. § 501.

    2.    Summary judgment is DENIED with respect to plaintiffs' argument that defendant Yu should be held personally liable for the conceded infringing activities. The court finds that there are material disputes of fact that must be resolved with respect to

defendant Yu's personal involvement in authorizing and directing actual infringement, such that personal liability should attach.  Moreover, plaintiff's argument that personal liability attaches via application of strict liability principles is insufficiently developed to warrant summary judgment on this ground.

      3.    The court GRANTS summary judgment on the issue of damages, but only to the extent that plaintiff seeks a judgment establishing that plaintiff is entitled to profits, damages, and costs for trademark infringement pursuant to 15 U.S.C. § 1117, and to profits and damages for copyright infringement, per 17 U.S.C. § 504.  To the extent, however, that plaintiff seeks a judgment that (a) it is entitled to treble damages, attorney's fees, and/or enhanced damages based on willful infringement for both trademark and copyright infringement, or (b) that it is entitled to damages and profits pursuant to 18 U.S.C. § 2318(f)(3), summary judgment is DENIED.  The court finds that material disputes of fact exist with respect to willfulness and/or the intentional nature of defendant Yu's conduct.

     In sum, therefore, the only issues that remain for trial are as follows:  liability and damages in connection with plaintiff's fourth through tenth claims for relief; defendant Yu's personal liability for infringement; and proof of damages, as set forth above.

**IT IS SO ORDERED.**

Dated: November 29, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge